UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STANLEY A. SLUPKOWSKI,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL<br>DIRECTOR SECRET SERVICE<br>OF THE HOMELAND SECURITY,<br><br>Respondent. | Civil No. 09-1048 (JNE/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 1993, federal criminal charges were brought against Petitioner in the United States District Court for the Eastern District of Virginia. He was charged with assault on a postal employee, use of a firearm, and attempt to kill a postal employee. The prosecution

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

of those charges was interrupted because of concerns about Petitioner's competency to stand trial, and he was sent to the Federal Correctional Institution at Butner, North Carolina, pursuant to 18 U.S.C. § 4241, to determine his competency. Based on an initial mental health examination, Petitioner was found to be presently incompetent, but possibly treatable. Ultimately, however, the efforts to treat Petitioner proved unsuccessful, and the trial court in the Eastern District of Virginia concluded that he was incompetent to stand trial.

Shortly thereafter, the United States initiated a proceeding in the Eastern District of North Carolina, (where Petitioner was then confined), seeking to have Petitioner civilly committed under 18 U.S.C. § 4246. In 1994, a judgment was entered in that civil commitment proceeding, which declared that Petitioner was suffering from a mental disease or defect. He was then committed to the custody of the United States Attorney General for care and treatment. United States v. Slupkowski, No. 5:94-HC-392-BR (E.D.N.C.).[2]

For the first thirteen years after Petitioner was civilly committed, he was confined at Federal Medical Center in Butner, North Carolina. In August 2007, he was transferred to the Federal Medical Center in Rochester, Minnesota.

In February 2008, Petitioner filed a § 2241 habeas corpus petition in this District. Slupkowski v. The United States of America, Civil No. 08-458 (JNE/SRN) [hereafter "Slupkowski I"]. The Government contended that the petition in Slupkowski I should be

---

[2] This much of the background of this matter is derived from an order entered in a habeas corpus action that Petitioner initiated last year in the Eastern District of North Carolina. Slupkowski v. Terrell, No. 5:08-HC-2148-FL (E.D.N.C.), Order dated December 1, 2008.

dismissed for lack of jurisdiction. This Court reviewed the case, and found it to be governed by the Court of Appeals' decision in Archuleta v. Hedrick, 365 F.3d 644 (8th Cir. 2004).

In Archuleta, the Court considered a habeas action initiated by a civilly committed federal prison inmate, who was challenging the legality of his continuing confinement. The Court of Appeals acknowledged that, as a general rule, an individual in federal custody – including someone who has been civilly committed – can challenge the legality of his confinement by filing a § 2241 habeas corpus petition in the district in which he is confined. Id. at 647-48. See also 18 U.S.C. § 4247(g) ("Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."). However, the Court also pointed out that "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" 365 F.3d at 648 (citation omitted). According to Archuleta, there is another remedy available to a civilly committed detainee who seeks to challenge the legality of his ongoing commitment, which is more suitable than a habeas corpus petition. That preferable remedy is a motion, (or, perhaps, a habeas petition), brought under 18 U.S.C. § 4247(h) in the District in which the civil commitment order was originally entered. Id. at 648-49.

Based on Archuleta, this Court determined that Slupkowski I should be transferred to the District in which Petitioner was originally committed – i.e., the Eastern District of North Carolina. (See Slupkowski I, Report and Recommendation dated June 24, 2008.) The presiding District Court Judge agreed with that determination, and ordered the case

3

to be transferred. (Slupkowski I, Order dated July 14, 2008.)[3]

Petitioner's current habeas corpus petition was filed on May 5, 2009. This Court previously reviewed the petition, and found it to be very similar to the petition filed in Slupkowski I. Petitioner was therefore ordered to show cause why his current petition should not be transferred to the Eastern District of North Carolina, pursuant to Archuleta and the reasoning set forth in Slupkowski I. (Order dated May 6, 2009; [Docket No. 2].) Petitioner has filed several documents in response to that order to show cause, (Docket Nos. 3-7), and the matter is now before the Court for further review.

## II. DISCUSSION

The Court has carefully considered all of Petitioner's submissions in this matter, and finds them to be almost entirely incomprehensible. The individual words that Petitioner has written are legible and understandable, but the words are not used together in a way that conveys any cognizable information or argument.[4]

---

[3] It appears that the case was never actually transferred, because Petitioner appealed the transfer order before it could be effected. The Court of Appeals later dismissed Petitioner's appeal, and the transfer order was not subsequently executed.

[4] By way of illustration, one sentence in one of Petitioner's submissions, repeated verbatim and in its entirety, reads as follows:

> "The proceedings also in Congress and the District of Columbia District Court the Termination of Civil Commitments under 18 USC 4241, 4242, 4243, 4246, 4247, and 4248, a Congressional Reference Case which your Court refused to hold with the President Bush, Secretary of Health and Human Service with United States Attorney General Offices, and Federal Medical Center Psychiatrist Zula, Harebell, Psychologist Junker and Cochran, all agreed with Warden Beeler that all civilly commited [sic] inmates should be terminated with Conditional Discharges, or turned over to the Secretary of Health and Human Services, the only civilly commited [sic] to remain in the Custody of the United States Attorney General, or Federal Bureau of Priso[ns] should be Convicted 4244 and Sentenced 4245 at Federal Medical

4

As far as the Court can tell, Petitioner is again trying to challenge the legality of his continuing civil commitment, just as he attempted to do in Slupkowski I.  Petitioner's responses to the Court's previous order to show cause do not present any alternative explanation of his current petition.  Thus, the Court concludes that the present action, like Slupkowski I, is barred by the Court of Appeals' decision in Archuleta.  <u>If Petitioner wants to challenge the legality of his continuing civil commitment, he will have to present his claims to the Court that effected that commitment – i.e., the United States District Court for the Eastern District of North Carolina.</u>  See Archuleta, 365 F.3d at 649 (civilly committed detainee seeking release from an ongoing civil commitment must pursue such relief in the district that ordered his commitment).

The only remaining question to be resolved is whether the present action should be dismissed, or transferred to the Eastern District of North Carolina.  Ordinarily, the Court would recommend that an action such as this one should be transferred, rather than

---

Centers, and released when the sentence is up."

(Petitioner's "Motion to Return The Petitioner To The Mid-Atlantic, Area For Proceedings In District of Columbia, To Include Congress, Richmonnd [sic] VA., And Eastern District of NC., (Raleigh)," [Docket No. 6], p. 1., ¶ 2.)

Another sentence from a different document reads as follows:

> "The Petitioner request to handle the DETENTION in District of Minnesota and the Committment [sic] in District of North Carolina, to prevent the running together the two hybrids which are different to each other."

(Petitioner's "Motion To Show Cause That Case Should Remain, In The District Of Minneapolis Minnesota, District Court," [Docket No. 3], p. 2, ¶ 4.)

Almost everything else that Petitioner has submitted to the Court in this case is just as inscrutable as these two examples.

5

dismissed.  In this particular case, however, the Court finds that a transfer would not be appropriate, because it is extremely doubtful that the transferee court would be able to identify any actionable claim for relief in Petitioner's current submissions.  As discussed above, Petitioner's submissions in this case are, for the most part, incomprehensible.  If this case were transferred to another district, it is highly unlikely that the transferee court would be able to find any actionable claim for relief in Petitioner's current submissions.

Thus, the Court concludes that it would serve no useful purpose to transfer this action to another district.  Instead, the Court will recommend that this action be dismissed.  However, it will be recommended that the action be dismissed <u>without prejudice</u>, so that the dismissal of this action will not preclude Petitioner from challenging his continuing civil commitment in the proper forum – i.e, in the Eastern District of North Carolina.[5]

Finally, the Court notes that three of Petitioner's responses to the previous order to show cause have been labeled as "motions," and filed as such.  (Docket Nos. 3, 4 and 6.[6])  It is doubtful whether those documents should actually be treated as formal motions, because they do not present any readily identifiable requests for relief, and they do not present any sustainable (or even comprehensible) factual or legal grounds for granting Petitioner any relief.  In any event, in light of the Court's recommendation that this action should be summarily dismissed, it is further recommended that Petitioner's pending

---

[5]  Needless to say, the Court is <u>not</u> suggesting that Petitioner may actually have a viable claim for relief that should be entertained in the Eastern District of North Carolina; the Court is merely indicating that the dismissal of this action alone should not bar Petitioner from seeking further review of his ongoing civil commitment in the Court that committed him, (as required by <u>Archuleta</u>).

[6]  Docket Nos. 3 and 4 appear to be the same document, which, for reasons not readily apparent, was filed twice – once on May 13, 2009, and again on May 22, 2009.

collateral "motions" be summarily denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. Petitioner's "Motion To Show Cause That Case Should Remain, In The District Of Minneapolis Minnesota, District Court," (Docket Nos. 3 and 4), be DENIED;

3. Petitioner's "Motion to Return The Petitioner To The Mid-Atlantic, Area For Proceedings In District of Columbia, To Include Congress, Richmonnd [sic] VA., And Eastern District of NC., (Raleigh)," (Docket No. 6), be DENIED; and

4. This action be DISMISSED WITHOUT PREJUDICE.

Dated: June 17, 2009

                                                                s/ Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 2, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.